Matter of Attorneys In Violation of Judiciary Law § 468-a. (Zerdan) (2019 NY Slip Op 05263)





Matter of Attorneys In Violation of Judiciary Law § 468-a. (Zerdan)


2019 NY Slip Op 05263


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019


[*1]In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-a. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; SYLVIA INES ZERDAN, Respondent. (Attorney Registration No. 3063575)

Calendar Date: June 3, 2019

Before: Egan Jr., J.P., Mulvey, Devine, Rumsey and

 Pritzker, JJ.

Sylvia Ines Zerdan, Buenos Aires, Argentina, respondent pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam
MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2000. Respondent is also admitted to practice in Buenos Aires, Argentina, where she currently lists her business address. By January 2014 order of this Court, respondent was suspended indefinitely for conduct prejudicial to the administration of justice arising from her failure to comply with the attorney registration requirements of Judiciary Law § 468-a since the 2004-2005 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1058 [2014]). She now moves for her reinstatement and, in response, petitioner advises that it defers to this Court's discretion on the application.
In light of the length of her suspension, respondent has submitted a duly-sworn appendix C form affidavit provided in Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Maurits], 169 AD3d 1153, 1153 [2019]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Wortsman], 168 AD3d 1211, 1211 [2019]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Office of Court Administration records demonstrate that respondent has cured the delinquency that resulted in her suspension and that she is current with her biennial registration requirements (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). Further, respondent provides proof that she successfully completed the Multistate [*2]Professional Responsibility Examination within one year of the filing of her application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]). Finally, having reviewed respondent's affidavit and petitioner's correspondence in response, we are satisfied that she has complied with the order of suspension and the Rules of this Court, that she has the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate her to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Serbinowksi], 164 AD3d 1049, 1051 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ettelson], 161 AD3d 1478, 1480 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, we grant respondent's motion.
Egan Jr., J.P., Mulvey, Devine, Rumsey and Pritzker, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.